IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MARK LYLE BELL, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 5:24-cv-00069-JRG-JBB |
| § | |
| WARDEN KAMIAH COGER, ET AL., § | |
| § | |
| *Defendants.* § | |

**ORDER DENYING INJUNCTIVE RELIEF**

Plaintiff Mark Lyle Bell, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff's lawsuit largely concerns the taking of a considerable amount of property, which he describes as over 35,000 family photographs, 15,000 to 18,000 of what Plaintiff describes as "colored catalogs, mostly single pages," around 15 law books, and other legal documents and material. Plaintiff asks that his property be returned or that he be compensated for it, that he receive compensatory and punitive damages, for a declaratory judgment, and for injunctive relief asking that TDCJ's property policies be rescinded or revised.

Plaintiff later filed a motion for temporary restraining order or preliminary injunction complaining of the taking of his property and asking that it be returned. He also asked that the new board policy on property be repealed, that the Court order any property which cannot be returned to be replaced at the Defendants' expense, and that none of his property be considered contraband. He has also filed a separate motion for replevin, listing the property taken and asking that it be returned.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Plaintiff's motions for injunctive relief and for replevin - which is in effect also a motion for injunctive relief - be denied. Docket No. 23. The Magistrate Judge stated that Plaintiff's motions sought largely the same relief requested in the original complaint and determined that requests for

injunctive relief are not intended as a substitute for relief on the merits of the case. Consequently, the Magistrate Judge stated that plaintiffs cannot short-circuit the normal processes of litigation by trying their cases through a motion for injunctive relief.

The Magistrate Judge also stated that Plaintiff did not show a substantial likelihood of success on the merits of the case or a substantial risk of irreparable injury - in other words, injury which cannot be recompensed by monetary damages - if the requested injunctive relief is not granted. The Magistrate Judge also concluded that Plaintiff failed to show that his requested injunction would not disserve the public interest because extraordinary circumstances are required for federal courts to interfere with the day to day operations of state prisons.

In his objections, Plaintiff argues that his motion for replevin sought return of his property because the defendants conspired to deprive him and other inmates of property in order to stop the flow of "unpopular items" into the institution, and then made their blanket ban retroactive. He says that the request for injunctive relief was to stop any more suppression by government officials, who use the ruse of "contraband" when the Supreme Court has said that authorized, previously approved personal property is not contraband.

After discussing the circumstances surrounding the taking of his property, Plaintiff says that the cause of the confiscation was the new Board policy, BP 03-91. He states that the purpose of his requested injunction is to repeal this policy and to avoid the labeling of previously permitted property as contraband, and to insure that prison officials follow the law. Plaintiff asserts that his family and personal photographs are irreplaceable and that an injunction would put an end to seizures such as this.

In addition, Plaintiff says that he had been working on a state habeas petition since 2020, but his documents were illegally confiscated and destroyed. He says that as a result, he should be awarded injunctive relief and damages for denial of access to court.

Plaintiff's objections do not allude to the Magistrate Judge's determination that motions for injunctive relief are not intended as a substitute for relief on the merits of the case. Because the relief sought by Plaintiff is largely the same as the relief sought in his complaint, the Magistrate Judge correctly determined that Plaintiff should seek such relief through the normal processes of

litigation rather than through a motion for injunctive relief.

Nor do Plaintiff's objections refer to the Magistrate Judge's conclusion that he did not show a substantial likelihood of success on the merits of his claims, or that the requested injunctive relief would not disserve the public interest. Instead, Plaintiff's objections largely repeat the allegations of his complaint and his motion for injunctive relief. Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Dkt. No. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motions for a temporary restraining order or preliminary injunction (Dkt. No. 8) and motion for replevin (Dkt. No. 11) are **DENIED**. The denial of these motions is not a determination of the merits of Plaintiff's claims in this lawsuit and shall not prevent Plaintiff from litigating his claims.

**So Ordered this**

**Mar 4, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE