**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **MARK LYLE BELL** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No. 5:24cv69-JRG-JBB** |
| | § | |
| **WARDEN KAMILAH COGER, ET AL.** | § | |
| **Defendants** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Lyle Bell, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The named Defendants are Telford Unit Warden Kamilah Coger, former property officer Joy Hughes, officer Todd Hogan, current property officer Debra Vanantwerp, who took over after Hughes retired; and assistant property supervisor Kendra Coatney.

Plaintiff raises two separate claims in his lawsuit. In the first of these, he asserts that a substantial amount of property, which he describes as "over 35,000 personal family heirlooms" as well as thousands of color catalogs (many consisting of single pages), law books, and legal documents, was confiscated after TDCJ implemented new rules in 2021. In his second claim, Plaintiff alleges he was subjected to a use of force by Officer Hogan on November 17, 2021.

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation on July 24, 2026, recommending that the claims against two of the defendants, Warden Coger and Kendra Coatney, be dismissed. Plaintiff contended that Coatney ignored his repeated complaints and that Warden Coger failed to investigate his grievances, but the Magistrate Judge determined that these allegations failed to state a claim upon which relief may be granted. The Magistrate

Judge recommended these defendants be dismissed as parties to the lawsuit. Docket No. 35 at 7. The Magistrate Judge further recommended that the dismissal of these claims and parties not count as a strike for purposes of 28 U.S.C. §1915(g), and should have no effect upon the remaining claims and parties in the case. *Id.*

Plaintiff filed objections to the Report and Recommendation. Docket No. 36. In his objection, Plaintiff repeats his complaint about his property being confiscated and contends he was entitled to a hearing before this confiscation. Plaintiff does not dispute the dismissal of Kendra Coatney, but appears to argue that Warden Coger deprived him of a hearing; however, Plaintiff does not elaborate upon this claim nor offer any other facts to substantiate it. As the Magistrate Judge correctly determined, the fact that Plaintiff's grievances were not investigated or resolved to his satisfaction, and the fact that Warden Coger had a position of authority on the unit, do not show a constitutional violation. Plaintiff's objections are without merit,.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections (Docket No. 36) are overruled, and the Report and Recommendation of the Magistrate Judge (Docket No. 35) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's claims against the Defendants Warden Coger and Kendra Coatney are hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that these two defendants are **DISMISSED** as parties to the lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in the case, and shall not itself count as a strike for purposes of 28 U.S.C. §1915(g).

**So Ordered this**

**Aug 22, 2026**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE